RECORD NO. 15-6943(L)
CONSOLIDATED W/15-6944

IN THE

# United States Court of Appeals
### FOR THE FOURTH CIRCUIT

DEWAYNE JACKSON COX, a/k/a Dwayne Cox,

*Plaintiff - Appellee,*

v.

OFFICER BRADLEY QUINN; OFFICER JOSHUA PINKERMAN;
OFFICER BENJAMIN BAXLEY; JUSTIN MILES,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE

**CONSOLIDATED REPLY BRIEF OF APPELLANTS**

Jim H. Guynn, Jr.
GUYNN & WADDELL, P.C.
415 South College Avenue
Salem, Virginia 24153
(540) 387-2320 Phone
(540) 389-2350 Facsimile
jimg@guynnwaddell.com

*Counsel for Appellants
Officer Bradley Quinn;
Officer Joshua Pinkerman
and Officer Benjamin Baxley*

Christopher C. Newton
John C. Johnson
FRITH, ANDERSON
& PEAKE, P.C.
29 Franklin Road, S.W.
Roanoke, Virginia 24001
(540) 772-4600 Phone
(540) 772-9167 Facsimile
cnewton@faplawfirm.com
jjohnson@faplawfirm.com

*Counsel for Appellant
Justin Miles*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT ..............................................................................................................1

    I.    Cox Fails to Undermine the Officers' Argument that they did not Violate Cox's Eighth Amendment Rights .........................................1

    II.    Cox Fails to Undermine the Officers' Argument that they Reasonably Believed their Actions were Lawful..................................3

CONCLUSION .........................................................................................................6

CERTIFICATE OF SERVICE ................................................................................8

# TABLE OF AUTHORITIES

## CASES

Page

*Brice v. Virginia Beach Correctional Ctr.*,
   58 F.3d 101 (4th Cir. 1995) ...................................................................................2

*Farmer v. Brennan*,
   511 U.S. 825, 114 S. Ct. 1970 (1994) ...........................................................2, 3, 4

*Grayson v. Peed*,
   195 F.3d 692 (4th Cir. 1999) .................................................................................4

*Parrish v. Cleveland*,
   372 F.3d 294 (4th Cir. 2004) .................................................................................4

*Prater v. Dahm*,
   89 F.3d 538 (8th Cir. 1996) ...........................................................................3, 4, 5

*Rich v. Bruce*,
   129 F.3d 336 (4th Cir. 1997) .................................................................................2

*Saucier v. Katz*,
   533 U.S. 194, 121 S. Ct. 2151 (2001) ...................................................................4

## CONSTITUTION

Const. amend. VIII.............................................................................................1, 2

## CONSOLIDATED REPLY BRIEF OF APPELLANTS

Defendants Officer Bradley Quinn, Officer Joshua Pinkerman, Officer Benjamin Baxley, and Justin Miles reply to Brief of Appellee as follows:

## ARGUMENT

I. **Cox Fails to Undermine the Officers' Argument that they did not Violate Cox's Eighth Amendment Rights**

The crux of Cox's argument that Officers Quinn, Pinkerman, Miles, and Baxley (hereinafter "the officers") were deliberately indifferent to his safety is that the officers 'put an X' on Cox by talking to the clique, and failed to either remove Cox from the pod, remove members of the clique from the pod, or lock down Cox, the clique, or the entire pod. Brief of Appellee at pp. 14-15. However, Cox offers no argument or legal authority that the Eighth Amendment requires such action, and no court has drawn such a bright line rule for deliberate indifference. It is undisputed that in response to Cox's report, the officers "alerted their Sergeant and spoke to the inmates alleged to have created the threat." Brief of Appellee at 17. It is also undisputed that Miles did walk-throughs the rest of the day after Cox's report and after certified officers spoke to the allegedly involved inmates, and that Miles did not observe anything he thought to be a danger. JA 114. However, Cox's argument that this action 'put an X' on his back does not establish deliberate indifference. An Eighth Amendment violation for failure to protect requires that the officer know the facts from which the inference that a substantial risk of harm

1

exists *and* that "he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994). There are no facts to establish that the officers inferred that the clique would hurt Cox from a conversation in which the clique stated that they would not. JA 373-74. The officers' actions in investigating this threat and ultimately determining that Cox was not at risk cannot constitute the kind of subjective criminal recklessness necessary for a finding of deliberate indifference. *See Brice v. Virginia Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995).

Cox's attempts to discount *Rich v. Bruce*, 129 F.3d 336 (4th Cir. 1997) are unavailing. While it is true that the officers have not claimed to be "stupid, lazy, inattentive, tired and burned out," *Rich* is not so narrow as to require such a showing; rather, the case underscores that an officer must make the inference of a risk of serious harm to violate the Eighth Amendment. *Id.* at 338. *Rich* stands for the proposition that a court cannot find deliberate indifference without the subjective inference of risk, even if the failure to make that inference is due to stupidity. *See Id.* at 340, n.2 (citing *Farmer*, 511 U.S. at 844, 114 S. Ct. at 1982) ("[T]his is a case in which the defendant 'knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.'"). If failing to draw the inference because of stupidity and laziness will not establish deliberate indifference, certainly failing to draw the inference

2

based on a good faith determination that Cox was not at risk after reporting the complaints, receiving assurances to that effect from the inmates involved, and conducting rounds throughout the remainder of the day that revealed no apparent dangers cannot support such a finding.

On the undisputed facts, Cox fails to establish that the officers drew the inference of risk required for a finding of deliberate indifference. Presented with the "unenviable task of keeping dangerous men in safe custody under humane conditions," *Farmer*, 511 U.S. at 845, 114 S. Ct. at 1983, in a place where "threats between inmates are common," *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996), the officers took Cox's complaint seriously by discussing with the clique to determine whether Cox was actually in danger. From that conversation, they determined that he was not, and relied on the outcome of their investigation and their observations the rest of the day. Because these actions satisfied the obligations owed to Cox under the Eighth Amendment, and as Cox offers no legal authority to the contrary, the District Court erred in analyzing the constitutional violation prong of the qualified immunity test.

## II. **Cox Fails to Undermine the Officers' Argument that they Reasonably Believed their Actions were Lawful**

The facts on the record and relevant case law show that the officers could reasonably believe their actions were lawful. Citing no legal authority, Cox argues that the applicable standard for determining whether a prison official has taken

3

"reasonable measures to guarantee the safety of the inmates," *Farmer*, 511 U.S. at 833, 114 S. Ct. at 1977, is whether the officers' actions were "sufficient to alleviate or eliminate the risk of harm to Cox." Brief of Appellee at p. 19. Clearly, a qualified immunity doctrine that required prison officials to completely eliminate the risk of harm to prisoners would be nonsensical and no such formulation has been recognized. *See e.g. Id.* at 844, 114 S. Ct. 1983 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to risk, *even if the harm ultimately was not averted*.") (emphasis added). Additionally, the Appellee's approach would actually "thrust federal courts into the daily practices of local police departments", which this Court has long cautioned against. *Grayson v. Peed*, 195 F.3d 692, 696 (4th Cir. 1999); *see also Parrish v. Cleveland*, 372 F.3d 294, 309 (4th Cir. 2004). The Eighth Amendment does not require this Court to calculate the risk of harm before and after the officers' actions; rather, "the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151 (2001).

Given the particularized nature of this inquiry, the officers were entitled to rely on analogous cases like *Prater v. Dahm*, 89 F.3d 538 (8th Cir. 1996) to determine whether their conduct was reasonable. Cox's attempt to distinguish

4

*Prater* on the grounds that "in that case both inmates assured prison officials that there would be no further problems," Brief of Appellee at p. 16, reflects a misunderstanding of the facts of that case. Prater's statement that he had no problem with Penn's transfer to his prison was made before Penn was transferred and before Penn threatened him. *Prater*, 89 F.3d at 540, 542. Subsequent to the threat, Prater reported it and sent grievances to the Director of Correctional Services and the Warden, and a deputy spoke to Penn. *Id.* at 540. Penn—not Prater—assured him that there would be no more problems between the two, before eventually assaulting Prater. *Id.* It was this response that the court found could not rise to the level of a constitutional violation. *Id.* at 542. Certainly Prater's indication that he had no problem with Penn being transferred prior to any threats did not control the court's analysis, nor does it make that case distinguishable from the facts here. If anything, the fact that the officers in that case knew of a specific problem between the two—Prater's relationship with Penn's separating wife—prior to moving them together and before the threats makes this an even stronger case for immunity.

Thus the officers were entitled to rely on *Prater* in determining a reasonable response to the threats Cox reported. Applying the properly particularized standard, it is clear that the officers could have believed their response was reasonable in light of the circumstances. Cox has failed to provide authority that

5

the law was clearly established such that reasonable officers in Quinn, Pinkerman, Miles, and Baxley's positions would have understood that their conduct was clearly unlawful. Thus, the second prong of the qualified immunity analysis is satisfied.

## CONCLUSION

For the foregoing reasons, Appellants respectfully ask the Court to reverse the order of the District Court denying summary judgment and enter summary judgment in their favor.

>OFFICER BRADLEY QUINN,
>OFFICER JOSHUA PINKERMAN, AND
>OFFICER BENJAMIN BAXLEY
>
>By /s/ Jim H. Guynn, Jr.
>Jim H. Guynn, Jr.
>Virginia bar number 22299
>Attorney for Defendants Quinn, Pinkerman and Baxley
>Guynn & Waddell, P.C.
>415 S. College Avenue
>Salem, Virginia  24153
>Phone: 540-387-2320
>Fax:    540-389-2350
>Email:  jimg@guynnwaddell.com

6

JUSTIN MILES

By /s/ Christopher C. Newton
John C. Johnson
Virginia bar number 33133
Christopher C. Newton
Virginia bar number 77135
Attorney for Defendant Justin Miles
Frith Anderson & Peake, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540-772-4600
Fax:    504-772-9167
Email: jjohnson@faplawfirm.com
            cnewton@faplawfirm.com

## **CERTIFICATE OF SERVICE**

      I certify that on October 5, 2015, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below.

      OFFICER BRADLEY QUINN,
OFFICER JOSHUA PINKERMAN, AND
OFFICER BENJAMIN BAXLEY

By /s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr.
Virginia bar number 22299
Attorney for Defendants Quinn, Pinkerman and Baxley
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email:  jimg@guynnwaddell.com

JUSTIN MILES

By /s/ Christopher C. Newton
John C. Johnson
Virginia bar number 33133
Christopher C. Newton
Virginia bar number 77135
Attorney for Defendant Justin Miles
Frith Anderson & Peake, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540-772-4600
Fax:    504-772-9167
Email: jjohnson@faplawfirm.com
      cnewton@faplawfirm.com